UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| BRYCE CORNELL on Behalf of Himself and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>v.<br><br>HOUSTON INSPECTION FIELD SERVICES, LLC,<br><br>  Defendant. | CIVIL ACTION NO. 3:18-cv-00446 |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

1. Plaintiff Bryce Cornell, on behalf of himself and on behalf of all other similarly situated, files this Original Collective Action Complaint and alleges as follows:

**INTRODUCTION**

2. This collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, is brought to remedy widespread wage and hour violations by Defendant Houston Inspection Field Services, LLC ("Defendant" or "HIFS") that have deprived Plaintiff and all other similarly situated workers overtime wages to which they are entitled.  Defendant has violated and continues to violate the FLSA by misclassifying its inspectors as independent contractors instead of as employees and thereby, denying them overtime pay for those hours worked over forty in a workweek. Under the FLSA, non-exempt employees must be paid one and one-half times their regular rate of pay for all hour worked over 40 in a week.

1

3. Through the conduct described in this Complaint, Defendant has violated federal law. Accordingly, Plaintiff, on behalf of himself and all others similarly situated, brings these claims and seeks unpaid compensation, liquidated damages, reasonable attorneys' fees and costs, and all other relief to which he and the Class Members are entitled.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Defendant is subject to personal jurisdiction in Texas because it does business in Texas and in this judicial district.

6. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise the claims in this Complaint took place in this district.

## PARTIES

7. Plaintiff is an individual currently residing in Ogden, Utah. His written consent is attached hereto as Exhibit A.

8. The FLSA Class Members are all current and former inspectors, and all employees in substantially similar positions, classified as independent contractors during the three-year period before the filing of this Complaint. The FLSA Class Members are referred to as "Class Members."

9.      Defendant Houston Inspection Field Services, LLC is a Texas limited liability company.  Defendant may be served process through its registered agent Kenneth Wells at 2510 Potomac Drive, Unit A, Houston, Texas 77057.

## COVERAGE

10.     At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

11.     At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

12.     At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

13.     Furthermore, Defendant has an annual gross business volume of not less than $500,000.

14.     At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

## FACTS

15.     Defendant operates in the oil and gas industry and performs pipeline inspection services.  To provide this service, Defendant employs hundreds of pipeline inspectors nationwide to inspect pipelines during construction and periodically during their use.  Defendant's website specifically states that "Houston Inspection Field Services

supplies energy companies with superior filed service personnel on a temporary or permanent basis for a wide variety of positions across the U.S." Defendant's website further states that it "manages all payroll, accounting, and benefits administration."

16. Nevertheless, Defendant classifies the workers it employs as independent contractors and denies them overtime wages.

17. Plaintiff worked for Defendant as an inspector from approximately May of 2016 to December of 2016.

18. Defendant paid Plaintiff a set day rate regardless of the number of hours he worked each day or each week. Defendant did not pay Plaintiff a minimum, guaranteed amount each week.

19. Instead, Plaintiff's compensation varied each week depending upon the number of days worked.

20. Plaintiff regularly worked over 40 hours each week. However, when he worked more than 40 hours, he was not paid any overtime wages for those hours worked in excess of 40.

21. Like Plaintiff, Defendant pays their other inspectors nationwide on a day rate basis.

22. Plaintiff's schedule was similar to the schedule of the Class Members.

23. Like Plaintiff, the Class Members were paid on a day rate basis. Like Plaintiff, the Class Members regularly worked more than 40 hours each week and were not paid overtime for those hours worked in excess of 40.

24. Defendant misclassified the Plaintiff and Class Members as independent contractors instead of as employees.

25. Given that they were misclassified as independent contractors, they were denied overtime pay.

26. While working for Defendant, Plaintiff interacted with and became familiar with the way Defendant treats the Class Members regarding overtime pay and Defendant's policy of misclassifying these workers as independent contractors. Therefore, Plaintiff has first-hand knowledge of the same pay violations conducted by Defendant.

27. Defendant paid Plaintiff and the Class Members in the same manner.

28. Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and the Class Members.

29. In addition, Defendant instructed Plaintiff and the Class Members about when, where, and how they were to perform their work.

30. Moreover, the following conduct further demonstrates that Defendant acted as an employer with respect to Plaintiff and the Class Members:

    a. Defendant required Plaintiff and the Class Members to report to their assigned job site at a set time;

    b. Plaintiff and the Class Members had no control over what job site they may be assigned to;

    c. Defendant required Plaintiff and the Class Members to request time off in advance and have that time away from work preapproved;

    d. Defendant issued work orders to Plaintiff and the Class Members that set forth the required procedures to be followed and the order and manner in which they were to perform their services;

    e. Plaintiff and the Class Members faced termination if they failed to perform their work in the manner required by Defendant;

    f. Plaintiff and the Class Members were assigned so many work hours per week (often more than 70) that, as a practical matter, they were prevented from working for any other company;

    g. Plaintiff's and the Class Members' services were integrated into Defendant's operations;

    h. Plaintiff and the Class Members constituted the workforce without Defendant could not perform its services or generate revenue.

    i. Plaintiff and the Class Members worked for Defendant for long periods of time, often years, as is common with employees;

    j. Defendant required Plaintiff and the Class Members to attend company meetings; and

    k. Defendant maintained the right to discharge Plaintiff and the Class Members at any time, for any reason.

31. Furthermore, the degree of investment Plaintiff and the Class Members made to perform their work pales in comparison to the expenses Defendant incurred. Plaintiff and the Class Members were not required to supply any tools. On the other hand,

Defendant provided Plaintiff and the Class Members with the equipment for them to perform their job.

32. Moreover, Defendant managed the payroll and benefits administrator for Plaintiff and the Class Members.

33. Despite these facts, Defendant improperly classified Plaintiff and the Class Members as independent contractors and not as employees.

34. Defendant classified the Plaintiff and Class Members as independent contractors to avoid its obligations to pay these employees overtime.

35. However, at all times, Plaintiff and the Class Members were employees of Defendant.

36. Although Plaintiff and Class Members have been required to work more than forty (40) hours per work-week, and did so frequently, they were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

37. No exemption applies to Plaintiff or the Class Members.

38. the Department of Labor has stated that inspection work, of the type performed by Plaintiff and the Class Members, is not subject to the administrative exemption. The FLSA's regulations state as follows:

> Ordinary inspection work generally does not meet the duties requirements for the administrative exemption. Inspectors normally perform specialized work along standardized lines involving well-established techniques and procedures which may have been catalogued and described in manuals and other sources. Such inspectors rely on techniques and skills acquired by special training or experience. They have some leeway in the performance of their work but only within closely prescribed limits.

7

29 .F.R. 541.203(g).

39. Here, Plaintiff and the Class Members were manual laborers who performed routine inspection work. The administrative exemption does not apply to manual laborers like Plaintiff and the Class Members. *See* 29 C.R.R. § 541.3(a) (overtime exemptions do not apply to "'manual laborers' or other 'blue collar' workers who perform work involving repetitive operations with their hands, physical skill and energy.")

40. Furthermore, Plaintiff and the Class Members performed work that was "service" related, which is distinct from "administrative" work. They worked outdoors performing oil and gas operations.

41. Defendant's method of paying Plaintiff and the Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA. Defendant's misclassification was not by accident, but a well thought out scheme to reduce their labor costs. Defendant knew the requirement to pay overtime to its employees, but intentionally and/or recklessly chose not to do so. Accordingly, Defendant's violations of the FLSA were willful.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

43. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendant's misclassification of its employees.

44. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant.

45. Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek because Defendant misclassifies them as independent contractors and pays a day rate without overtime.

46. Although Defendant permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

47. Defendant has classified and continue to classify the FLSA Class Members as independent contractors.

48. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as independent contractors by Defendant.

49. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

50. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as independent contractors and/or the denial of overtime pay.

51. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of FLSA Class Members.

52. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of FLSA Class Members.

53. The specific job titles or precise job responsibilities of each FLSA Class Member do not prevent collective treatment.

54. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

55. Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

56. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former inspectors, and all workers in substantially similar positions, classified as independent contractors by Defendant throughout the United States during the three-year period before the filing of this Complaint up to the date the court authorizes notice.

## **CAUSE OF ACTION**

**Violation of the Fair Labor Standards Act**
**Failure to Pay Overtime**
**(Collective Action)**

57. Plaintiff incorporates the preceding paragraphs by reference.

58. This count arises from Defendant's violation of the FLSA 29 U.S.C. 201, et seq., for its failure to pay Plaintiff and the members of the Class all their earned overtime pay for the time worked in excess of 40 hours in individual workweeks.

59. For all the time worked in excess of 40 hours in individual workweeks, Plaintiff and the Class members were entitled to be paid one and one-half times their regular rates of pay.

60. Defendant violated the FLSA by failing to compensate Plaintiffs and the Class members consistent with the FLSA with respect to the amount of work actually performed over 40 hours per week.

61. Defendant's failure to pay overtime to Plaintiff and the Class Members, in violation of the FLSA, was willful and was not based on a good faith and reasonable belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

62. Plaintiff will seek to certify this claim - violation of the overtime provisions of the FLSA, as a collective action and ask the Court to determine the rights of the class pursuant to the FLSA, determine any damages due, and to direct Defendant to account for all back wages, liquidated damages, penalties and prejudgment interest thereon due to Plaintiff and the other employees he represents.

## **PRAYER**

63. For these reasons, Plaintiff prays for:

a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) for the FLSA Class Members to permit them join this action by filing a written notice of consent;

b. A judgment against Defendant awarding Plaintiff and the FLSA Class Members all their unpaid overtime compensation and liquidated damages;

c. An order awarding attorneys' fees, costs, and expenses;

d. Pre- and post-judgment interest at the highest applicable rates; and

e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: /s/ Don J. Foty
    Don J. Foty
    dfoty@kennedyhodges.com
    Texas State Bar No. 24050022
    Fed. Id: 711552
    4409 Montrose Blvd., Suite 200
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS